**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION**

**DAVID DARRELL WALKER,**

    **Movant,**

v.                                         **Case No. 3:18-cv-00332
                                              Case No. 3:13-cr-00187-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF No. 177), and the United States' Response, seeking denial of the Motion and dismissal of the collateral proceeding. (ECF No. 183). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Movant's Motion be **DENIED** and this civil action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of the Court.

**I.    Relevant Background**

On October 16, 2013, Movant David Darrell Walker ("Walker") was indicted in this Court on charges of conspiracy to distribute 100 grams or more of heroin and quantities

of oxycodone (Count One); possession with intent to distribute heroin (Count Five); and possession with intent to distribute oxycodone (Count Six). (ECF No. 37).[1] On June 30, 2015, Walker entered into an agreement with the United States, which required him to plead guilty to Count Five of the superseding indictment in exchange for dismissal of Counts One and Six. (ECF No. 131). In addition, Walker agreed to knowingly and voluntarily waive his right to appeal his conviction and his right to file a collateral attack under § 2255, unless the collateral attack was based upon a claim of ineffective assistance of counsel. (*Id.* at 4). Walker acknowledged in the plea agreement that his sentence of imprisonment could be as long as twenty years and the length of the sentence was entirely within the discretion of the Court. (*Id.* at 2, 5). In an attached stipulation of facts, Walker conceded that during a search of a residence used by Walker, the FBI Drug Task Force found two firearms. (*Id.* at 8-9).

Also on June 30, 2015, Walker entered a guilty plea consistent with the plea agreement. (ECF No. 127). After some disagreements with the United States regarding relevant conduct, Walker appeared for his sentencing on November 2, 2015. (ECF No. 160). At the sentencing hearing, Walker's counsel objected to a sentence enhancement proposed by the Probation Office, which was based on the firearms found at the searched residence. After considering testimony and other evidence, the sentencing court found that the firearms were attributable to Walker and the others involved in the conspiracy. (*Id.* at 71). Given the proximity of the firearms to the heroin found at the residence, the Court applied a two-level enhancement to Walker's base offense level pursuant to the United States Sentencing Guidelines ("USSG"). (*Id.* at 73). With a total offense level of 25

---

[1] All docket numbers are taken from Walker's underlying criminal case.

and a criminal history category of III, Walker's guidelines range was 70 to 87 months' imprisonment. (ECF No. 160 at 74). The Court sentenced Walker to a prison term of 80 months followed by three years of supervised release. (*Id.* at 79).

Despite his waiver of the right to appeal, Walker appealed his sentence to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). *United States of America v. David Darrell Walker,* No. 15-4674 (4th Cir. Nov. 16, 2015). Walker argued that the District Court erred by accepting the testimony of a co-defendant at Walker's sentencing hearing, which resulted in Walker receiving a sentence enhancement for possession of firearms. *Id.* at Doc. 15. The United States moved for dismissal of the appeal on the ground that Walker had voluntarily waived his right to appeal. *Id.* at Doc. 13-1. On February 2, 2016, the Fourth Circuit granted the motion to dismiss. *Id.* at Doc. 18. Walker was advised by the Fourth Circuit that he had 90 days to file a petition for a writ of certiorari with the Supreme Court of the United States ("Supreme Court"), and the 90-day period began to run from the date of the Fourth Circuit's decision. *Id.* at Doc. 20. *See* Sup. Ct. R. 13.3. ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment ... and not from the issuance date of the mandate."). Accordingly, Walker had until May 2, 2016 in which to petition for a writ of certiorari. When he failed to file a petition, his judgment became final upon expiration of the 90-day period.

Walker filed the instant § 2255 motion on February 13, 2018, the date on which he ostensibly placed the motion in the prison mail system. (ECF No. 177). In the motion, Walker challenges the two-level increase applied by the sentencing court under USSG §2D1.1(b)(1) for possession of firearms in proximity to a drug-trafficking offense. Walker argues that the enhancement violated his right to due process of law and the presumption of innocence. (ECF No. 177 at 4). He bases his challenge on the Supreme Court's decision

3

in *Nelson v. Colorado,* 137 S. Ct. 1249 (2017).

In its written response, the United States raises three reasons for dismissal of Walker's § 2255 proceeding. (ECF No. 183). First, the United States argues that Walker's motion is untimely given that it was filed well after expiration of the one-year limitations period set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A). Second, the United States contends that Walker waived his right to file a § 2255 motion on every ground, except ineffective assistance of counsel. As the motion does not assert ineffective assistance, this Court should enforce Walker's waiver and summarily dismiss the motion. Finally, the United States asserts that the motion lacks merit and should be dismissed on that ground, as well.

Walker was given an opportunity to file a reply memorandum, but has not done so. Therefore, the motion is ready for disposition.

## II. Discussion

As indicated, the United States asserts that Walker's motion should be dismissed because it is untimely, barred by waiver, and substantively without merit. Given that Walker's motion is plainly barred by the AEDPA's one-year limitations period, the undersigned need not extensively address the other grounds for dismissal.

Under the AEDPA, a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Walker was required to file his § 2255 motion within one year of the date on which his judgment became final under 28 U.S.C. § 2255(f)(1). The other three triggering dates under 28 U.S.C. § 2255(f)(2)-(3) are inapplicable for the following reasons. First, Walker does not allege that he was prevented from filing his action due to government action. Therefore, 28 U.S.C. § 2255(f)(2) does not apply to his case. Second, Walker does not establish a newly recognized right or newly discovered evidence that applies to his claims such as to implicate 28 U.S.C. § 2255(f)(3) or (4). Walker cites to a Supreme Court decision, *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), but this decision is not "evidence" and does not establish a newly recognized right made retroactively applicable to cases on collateral review.

In *Nelson,* the Supreme Court examined a Colorado statute that required defendants whose convictions had been reversed or vacated to prove their innocence by clear and convincing evidence in order to obtain a refund of costs, fees, and restitution paid in conjunction with the invalid conviction. *Nelson,* 137 S. Ct. at 1254. The Supreme Court held that the Colorado statute was unconstitutional, because it violated the right to procedural due process by placing an evidentiary burden on the defendants to prove their innocence when the presumption of innocence rested at the foundation of the criminal justice system. As is plain from *Nelson,* the Supreme Court's decision does not touch on sentencing considerations, sentencing guidelines, or relevant conduct in sentencing. Therefore, *Nelson* simply does not change substantive law related to Walker's conviction

or sentence, nor does it retroactively apply on collateral review to the issue raised by Walker. *See, e.g. Fortenberry v. Ormond,* No. 3:18cv294, 2019 WL 1869854, at *2 (E.D. Va. Apr. 25, 2019) (holding that *Nelson* applies when a criminal conviction is invalidated by a reviewing court, no retrial will occur, and the State is obligated to refund money to the defendant; it does not change substantive law applicable to sentence enhancement); *Ortiz v. United States,* No. 5:08-cr-31-L, 2018 WL 4925102, at *1 (S.D. Tex. May 29, 2018) (finding that *Nelson* does not create a new rule of law that is retroactive on collateral review—namely, that an individual is presumed innocent—because the presumption of innocence is "a bedrock principle of this nation's laws that was not created, much less made retroactive, by *Nelson*."); *Lewis v. Mosely,* Case No. 4:18-732-TMC-TER, 2018 WL 2422045, at *1 (D.S.C. May 9, 2018), *report and recommendation adopted,* No. CV 4:18-732-TMC, 2018 WL 2416913 (D.S.C. May 29, 2018) (explaining that *Nelson* does not change legal precedent governing application of the sentencing guidelines).

Given that the *Nelson* decision did not recognize a new right under law, and the other subsections of 28 U.S.C. § 2255(f) do not apply, the timeliness of Walker's petition is assessed under subsection (f)(1). Turning to the relevant dates, Walker's judgment of conviction was imposed on November 6, 2015. (ECF No. 150). He timely filed an appeal with the Fourth Circuit. The Fourth Circuit entered its decision dismissing Walker's appeal on February 2, 2016. Walker had 90 days to apply for a writ of certiorari, but declined to do so. Accordingly, his judgment became final on May 2, 2016. The AEDPA period of limitations began on May 3, 2016 and expired on May 2, 2017. *See Clay v. United States,* 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Walker

did not file his § 2255 motion until February 13, 2018. As such, his motion is untimely and must be dismissed unless the Court applies the doctrine of equitable tolling to his case.

The Fourth Circuit has long recognized that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The Supreme Court established in *Holland v. Fla.*, 560 U.S. 631, 649 (2010), that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Walker did not respond to the United States' request for dismissal; thus, he does not adduce any argument that the AEDPA time period should be equitably tolled. Furthermore, Walker makes no showing that he persisted in his effort to file a collateral challenge to his sentence, but experienced barriers to pursuing his claims. As such, he fails to meet his burden of demonstrating that extraordinary circumstances prevented his timely filing despite diligent efforts. Accordingly, the undersigned **FINDS** that Walker's § 2255 motion is untimely, and no basis exists for equitable tolling.

In addition to being untimely, Walker's motion suffers from other defects that are fatal to his request for resentencing. In the plea agreement signed by Walker, he voluntarily relinquished his right to collaterally attack his conviction or sentence, except on the ground of ineffective assistance of counsel. His instant § 2255 motion does not assert that his sentence should be vacated based upon constitutionally deficient counsel, but instead quibbles over the sentencing court's application of the sentencing guidelines,

7

an issue he attempted to raise on appeal, but was dismissed due to his appeal waiver.

"Guilty pleas typically 'are accorded a great measure of finality.'" *Armstrong v. United States*, No. 4:11-cr-5-FL-1, 2016 WL 4007580, at *2 (E.D.N.C. July 26, 2016), *appeal dismissed,* 670 F. App'x 831 (4th Cir. 2016), *cert. denied,* 137 S. Ct. 1214 (2017) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). Therefore, "[t]o ensure finality, prosecutors routinely secure waivers of appeal and collateral attack rights as a term of the agreement" and courts typically "enforce these waivers, so long as the defendant knowingly and voluntarily agreed to them." *Id.* (citing *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) and *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990)). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Here, Walker does not contend that the collateral attack waiver in his plea agreement was unknowing or involuntary. Certainly, he has made no showing consistent with such an assertion. Moreover, any question concerning the validity of the waiver provision in Walker's plea agreement was answered when the Fourth Circuit granted dismissal of Walker's direct appeal. Therefore, the undersigned FINDS that Walker knowingly and intelligently waived his right to a collateral challenge based on the applicability of relevant conduct to enhance his sentence.

Even assuming Walker's § 2255 motion is not untimely and is not barred by his waiver of collateral attack, the motion nonetheless fails on the merits. A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove

8

that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America,* No. CRIM.A. 2:02CR65, CIV.A. 2:05CV91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).).

In *United States v. Watts*, 519 U.S. 148 (1997), the Supreme Court "held that a sentencing court can consider acquitted conduct in calculating a sentence as long as the conduct has been proven by a preponderance of the evidence." *Minor v. Coakley*, No. 2:17-CV-133, 2018 WL 4871131, at *3 (N.D.W. Va. Oct. 9, 2018) (citing *Watts,* 519 U.S. 148 (1997)). By logical extension, the sentencing court may also consider evidence of criminal acts not contained in the indictment, but relevant to the offense of conviction. *United States v. Jinwright*, 683 F.3d 471, 484 (4th Cir. 2012). *Watts* remains the prevailing law on relevant conduct. *See Gadd v. United States,* No. 1:18-cv-00408, 2019 WL 1398067, at *3 (S.D.W. Va. Mar. 28, 2019) (holding that *Nelson* has no bearing on settled law that the court has the ability to consider conduct of which the prisoner was acquitted, as long as the conduct is proven by a preponderance of the evidence) (citation omitted); *Fortenberry,* 2019 WL 1869854, at *3 ("Contrary to Fortenberry's suggestion here, *Nelson* simply has no bearing on a court's ability to consider relevant conduct during sentencing or the applicability of a sentence enhancement under the United States Sentencing Guidelines."); *Wilborn v. Joyner*, No. 0:18-CV-01565-DCN, 2018 WL 5839549, at *5 (D.S.C. Nov. 8, 2018) (noting that many lower courts agree that *Nelson* does not overrule *Watts* and collecting cases); *also Minor*, 2018 WL 4871131, at *3

9

(holding that *Nelson* does not overrule *Watts,* because they do not address the same issue); *United States v. Velazquez,* No. 1:14-CR-38-HAB, 2019 WL 2076596, at *2 (N.D. Ind. May 9, 2019) ("The *Nelson* case did not discuss, at any level, the use of relevant conduct at sentencing. It did not overturn the long-standing rule that courts can consider uncharged conduct, so long as that conduct has been proved by a preponderance of the evidence and fits within the definition of relevant conduct.") (citation omitted). Therefore, the undersigned **FINDS** Walker's motion to be substantively without merit.

### III. <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Walker's § 2255 Motion be **DENIED**, (ECF No. 177), and this action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

10

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** August 22, 2019

Cheryl A. Eifert
United States Magistrate Judge